UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

RICKY DINGLE,

    Petitioner,

v.

DEBORA DARDEN, *Warden*,

    Respondent.

Civil Action No. TDC-07-2750

**MEMORANDUM ORDER**

Ricky Dingle is a Maryland state inmate incarcerated at the Eastern Correctional Institution ("ECI") in Westover, Maryland. On November 16, 2021, he filed a Motion for Relief from Final Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) in this closed habeas corpus action. Although Dingle captioned the Motion as filed against the United States District Court, the proper respondent in a federal habeas action is the "person who has custody over" the petitioner, in this case the Warden of ECI. *See* 28 U.S.C. § 2242 (2018); *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004); *see also* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. Accordingly, the Court will order the docket to be amended to substitute ECI Warden Debora Darden as the Respondent.

**BACKGROUND**

**I.    State Proceedings**

On June 5, 1998, a jury sitting in the Circuit Court for Baltimore County, Maryland convicted Dingle of two counts of robbery with a dangerous weapon, one count of attempted robbery with a dangerous weapon, and one count of use of a handgun in connection with a bank

robbery arising from a bank robbery that occurred in Cockeysville, Maryland on October 2, 1997. The Court of Special Appeals of Maryland affirmed the judgment on June 28, 1999. On September 15, 2000, the Court of Appeals of Maryland vacated and remanded the case for a new trial based on an improper voir dire procedure. *See Dingle v. State*, 759 A.2d 819, 830 (Md. 2000).

Dingle was retried. In February 2002, a jury convicted him of two counts of robbery with a deadly weapon, one count of attempted robbery with a deadly weapon, and one count of use of a handgun. Dingle was sentenced to 60 years of imprisonment. On September 8, 2003, the Court of Special Appeals affirmed the convictions and sentences.

On November 29, 2004, Dingle filed a petition for post-conviction relief in the Circuit Court for Baltimore County. Through an order dated June 21, 2005, the post-conviction court granted Dingle the right to file a belated motion for modification of the sentence and denied the remaining claims. However, the post-conviction court later withdrew its order as improvidently filed and held a second hearing on the petition on July 13, 2006. On August 30, 2006, the post-conviction court granted Dingle the right to file a belated motion for modification of the sentence but otherwise denied relief. On May 29, 2007, the Court of Special Appeals denied Dingle's application for leave to appeal the denial of post-conviction relief.

**II.     Federal Proceedings**

On October 9, 2007, Dingle filed in this Court a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which he asserted claims of ineffective assistance of counsel. He also asserted that he "deserved . . . appellate review" of a jury instruction that referred to him as an aider and abettor. Pet. at 5, ECF No. 1.

On July 7, 2009, the Court (Davis, J.) denied the Petition, ruling that "it is clear that the post-conviction court's determinations are fully supported by the record and its findings are presumed

correct absent clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1)." Mem. at 13, ECF No. 12. The Court determined that Dingle had not satisfied his burden to show that his trial counsel's representation was constitutionally deficient and prejudiced the outcome of trial. Further, because the trial court did not actually give a jury instruction referring to Dingle as an aider and abettor, that issue provided no basis to grant the writ. The Court also noted that there was "substantial incriminatory evidence against Dingle, and his disappointment with the outcome of trial does not mean that he received constitutionally ineffective representation." *Id.*

On May 28, 2010, the United States Court of Appeals for the Fourth Circuit declined to issue a certificate of appealability and dismissed Dingle's appeal of this Court's denial of federal habeas relief. *Dingle v. Koppel*, 380 F. App'x 347 (4th Cir. 2010). The Fourth Circuit denied his petition for a rehearing and rehearing en banc on July 27, 2010. Although Dingle subsequently filed a petition for a writ of certiorari with the United States Supreme Court, the petition was denied on June 13, 2011. *Dingle v. Koppel*, 564 U.S. 1006 (2011).

## DISCUSSION

In his Motion, Dingle asks this Court to reconsider the 2010 denial of his Petition pursuant to Federal Rule of Civil Procedure 60(b)(6). This provision allows a federal district court to provide relief "from a final judgment, order, or proceeding" for "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) should be applied in only "extraordinary circumstances." *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988); *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011). This requirement "helps balance the 'sanctity of final judgments' with the court's responsibility to ensure justice is done." *SEC v. Tsao*, 317 F.R.D. 31, 36 (D. Md. 2016) (quoting *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979)). The party filing a motion under Rule 60(b)(6) must "have a meritorious claim or defense," and the

opposing party must "not be unfairly prejudiced by having the judgment set aside." *Aikens*, 652 F.3d at 501. A Rule 60(b) motion must also "be made within a reasonable time[.]" Fed. R. Civ. P. 60(c)(1); *see Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993).

Dingle does not satisfy the requirements for relief under Rule 60(b)(6) because he has neither filed a timely motion nor presented a meritorious claim or an extraordinary circumstance warranting reconsideration. First, Dingle's Motion was filed over 10 years after the Supreme Court denied his petition for a writ of certiorari. Although Dingle argues that his filing of a direct appeal and that petition shows that he was "trying to be diligent in getting any court to simply review the record in his case" while he "had no one to assist him," he has provided no explanation for why he required 10 years to file the present Motion. Mot. at 2, ECF No. 24. The claims presented in Dingle's Motion were available to him during this period, and he has not provided a basis to conclude that the delay was reasonable or justifiable. Under these circumstances, the Motion is untimely as not filed "within a reasonable time." *See* Fed. R. Civ. P. 60(c)(1).

Second, in the Motion, Dingle claims as grounds for relief that he was "not afforded an independent review of the official record by Judge Davis" whom he alleges "just accepted the post conviction court[']s opinion at face value." Mot. at 1. Dingle claims that he is "extremely confident that had the Judge reviewed the record he would have come to a different conclusion." *Id.* Dingle, however, does not identify any part of the record to substantiate this conclusory assertion. Notably, in its July 7, 2009 memorandum denying Dingle's Petition, the Court stated that it had engaged in a "plenary review of the . . . claims" in concluding that the state court's determinations were "fully supported by the record." Mem. at 12-13. Nor does Dingle describe any information in the record that would contradict the state court's findings or cause this Court to reach a different outcome from the original ruling on his Petition. Dingle's general disagreement

with the outcome of his Petition is not an extraordinary circumstance justifying relief under Rule 60(b)(6).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. The Clerk shall SUBSTITUTE Warden Debora Darden as Respondent on the docket.
2. Dingle's Motion for Relief from Final Judgment, ECF No. 24, is DENIED.
3. The Clerk shall MAIL a copy of this Order to Dingle.

Date: December 17, 2021

THEODORE D. CHUANG
United States District Judge